J-S08018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR POWELL | : | |
| | : | |
| Appellant | : | No. 1577 EDA 2025 |

Appeal from the PCRA Order Entered May 15, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002378-2006

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                      **FILED JUNE 3, 2026**

Omar Powell appeals from the order dismissing as untimely his latest petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> [Powell] was arrested on drug charges in July of 1996 in [the victim's] home.  [Powell's] trial on those drug charges was scheduled for March 3, 1997.  [The victim] was going to testify at the drug trial that the drugs found in her home belonged to [Powell].  The March 3, 1997 trial was continued.
>
> In the early morning hours of March 10, 1997, officers from the Allentown Police Department responded to a report of a shooting at 7th and Allen Streets.  Officers found [the victim] lying in the street at that location, dead from multiple gunshots to the head.
>
> On the night and early morning hours prior to the murder, [Powell] had been transporting cocaine and guns from New York to Allentown with two friends and an acquaintance he did not

know. While [Powell] drove on 7th Street in Allentown, he spotted [the victim]. He drove around the block, parked his car and asked one of his friends, Reginald Tyson (Tyson) to get out of the car with him. [Powell] and Tyson walked up to [the victim] and waited for a car stopped at the light at the intersection where [she] was standing to drive off. Once it did, [Powell] said something to [the victim] and shot her in the head. [Powell] and Tyson ran back to the car, stated to their friend waiting in the car that they thought [the victim] was dead, and drove to the room where they were staying in Allentown. The gun was later taken back to New York.

On March 12, 1997, [Powell] was arrested for a separate incident on charges of possession of a firearm without a license. As a result of [the victim's] death, the Commonwealth's 1996 drug case [against Powell] was significantly weakened and the prosecutor offered [Powell] a plea agreement for the drug case and the possession of a firearm to run concurrently.

A federal inmate named Dimitris Smith (Smith) had provided statements to the Commonwealth implicating [Powell] in the murder of [the victim]. He had also provided investigators with the name of an eyewitness to the murder, Tyson, an inmate incarcerated in New York state prison.

[Powell] was subsequently arrested in 2005 for the homicide of [the victim]. Both Smith and Tyson testified against [Powell] at trial and told the jury that [Powell] had killed the victim to prevent her from testifying against him in a state drug prosecution.

In addition to Smith and Tyson, the Commonwealth presented three federal inmates as witnesses against [Powell]. The witnesses testified that [Powell] confessed to killing [the victim] while they were incarcerated together at Lehigh County Prison.

PCRA Court Opinion, 7/14/25, at 3-4 (footnote omitted).

On March 29, 2007, a jury convicted Powell of first-degree murder and the trial court sentenced him to life imprisonment. Following the denial of post-sentence motions, Powell appealed to this Court. On July 14, 2008, this Court affirmed his judgment of sentence, and our Supreme Court denied his

petition for allowance of appeal on November 13, 2008. **Commonwealth v. Powell**, 959 A.2d 971 (Pa. Super. 2008) (non-precedential decision), *appeal denied*, 961 A.2d 859 (Pa. 2008). Powell did not seek further review.

Over the next fourteen years, Powell filed multiple PCRA petitions. Each time, the PCRA court denied the petition, and this Court has repeatedly affirmed the denial of post-conviction relief.

On October 28, 2024, Powell filed the PCRA petition at issue, his eighth.[1] Following a series of supplemental pleadings, the PCRA court, on January 9, 2025, issued a Criminal Rule 907 notice of its intent to dismiss Powell's eighth petition without a hearing. Powell filed a *pro se* response. Thereafter, the court granted Powell's request for leave to amend his PCRA petition. Powell filed a *pro se* amended petition on April 9, 2025. By order entered May 15, 2025, the PCRA court dismissed Powell's amended petition because it was untimely and established no time-bar exception. Powell filed a *pro se* notice of appeal on June 17, 2025.[2] On July 1, 2025, PCRA counsel entered her

_____

[1] While the parties claim that that the PCRA petition at issue is Powell's seventh attempt at post-conviction relief, our review of the record supports the PCRA court's statement that its denial of Powell's seventh petition, which Powell titled a "Motion to Rescind Judgment of Sentence," was affirmed by this Court on September 18, 2023. **See Commonwealth v. Powell**, 305 A.3d 993 (Pa. Super. 2023) (non-precedential decision).

[2] After reviewing the record, we are satisfied that Powell's notice of appeal was timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (explaining that *pro se* prisoners' appeals are deemed timely filed as of the date they deliver them to prison authorities for mailing).

appearance on Powell's behalf. Both Powell and the PCRA court have complied with Appellate Rule 1925.[3]

Powell raises the following two issues on appeal:

I. Whether the PCRA court erred and abused its discretion by dismissing [Powell's PCRA petition], which established that the governmental interference exception to the PCRA's time bar applied because he pleaded and proved that the Commonwealth suppressed accurate information about the sole eyewitness's biographical details, including date of birth, and that [Powell] was duly diligent in discovering this information.

II. Whether [Powell's] PCRA petition pleaded and provided that the Commonwealth violated [***Brady v. Maryland***, 373 U.S. 83 (1963),] warranting an evidentiary hearing.

Powell's Brief at 3.

Before addressing these issues, we must first consider the PCRA court's conclusion that Powell's eighth PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

_____

[3] We note both sides requested and were granted extensions to file their briefs and the case was not submitted to this panel until March 2026.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Powell's judgment of sentence became final on February 11, 2009, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Powell had until February 11, 2010, to file a timely petition. Because Powell filed his eighth PCRA petition in 2024, it is patently untimely unless he has satisfied his burden

of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Powell has failed to plead and prove a time-bar exception. Within his amended petition and brief, Powell asserts that he could establish the governmental interference exception to the PCRA's time bar. He claims the Commonwealth committed a ***Brady*** violation because it withheld impeachment and exculpatory evidence. Although a ***Brady*** violation might fall within the governmental interference exception to the PCRA's time bar, to meet this exception, the PCRA statute requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. ***Commonwealth v. Vinson***, 249 A.3d 1197. 1205 (Pa. Super. 2021).

A finding of due diligence demands that the PCRA petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Due diligence "does not require perfect vigilance nor punctilious care." ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019)(*en banc*) (citation omitted). Rather, a demonstration of due diligence requires a PCRA petitioner to make reasonable efforts "based on the circumstances to uncover facts that may support a claim for collateral relief." ***Id.*** Stated differently, the PCRA petitioner must explain why he could not have learned the facts upon which he bases his claim earlier.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). "This rule is strictly enforced." *Id.*

In support of his claim that he met the governmental interference exception, Powell contends that "the Commonwealth suppressed critical biological information about the only eyewitness whose testimony was the linchpin of the prosecution." Powell's Brief at 8. He contends that, in its discovery provided to trial counsel, the Commonwealth provided information regarding a Pennsylvania prisoner named Reginald Tyson, while the Commonwealth's witness, also named Reginald Tyson, had a prior criminal history in New York, where he remained incarcerated.[4] According to Powell, "[t]he information the Commonwealth suppressed implicated the credibility of the only eyewitness whose testimony was key to the prosecution." *Id.* Alternatively, Powell asserts that, "[a]t a minimum, the claim raised genuine issues of material fact that required an evidentiary hearing." *Id.* at 8-9. He further claims that "[t]he PCRA court's failure to grant one was reversible error and warrants remand." *Id.* at 9. We disagree.

The PCRA court concluded that Powell could not satisfy the governmental exception because he could not establish that he acted with due diligence. Moreover, even if Powell had shown due diligence, the PCRA court

---

[4] The Commonwealth does not challenge Powell's assertion. Additionally, we note that the current Lehigh County District Attorney was one of Powell's trial counsel during the 2007 proceeding.

also found that Powell failed to establish other statutory requirements. The court explained:

> [Powell] offered no explanation at all as to why he waited until 2024 to hire a private investigator to review his case. Hiring an investigator seventeen (17) years after trial, and then filing a petition within one (1) year of the investigator's discovery, does not constitute due diligence.
>
> [Powell's] claim also fails to satisfy other statutory requirements. [U]nder the governmental interference exception, it is unclear that the Commonwealth's alleged **Brady** violation actually caused interference with the presentation of [Powell's] defense. [Powell] at trial had the opportunity to cross-examine Reginald Tyson about his true criminal record, and [Tyson's] credibility and potential reasons for testifying falsely were examined as well.

PCRA Court Opinion, 7/14/25, at 6-7 (citations omitted).

Our review of the record supports the PCRA court's conclusions. Initially, we agree with the PCRA court that Powell failed to establish that he acted with due diligence. While he claims his incarceration limited his resources, he offers no explanation why, after seventeen years and multiple prior petitions—some of which included other alleged **Brady** violations—he only decided to hire an investigator in 2024. Moreover, our review of trial counsel's lengthy cross-examination of Tyson indicates that counsel was aware of Tyson's true criminal record in New York, and challenged his credibility. Tyson acknowledged that he was on parole for first-degree robbery and assault, and that he had other theft and robbery convictions. **See** N.T., 3/21/07, at 160-207. Thus, even if the Commonwealth had identified the wrong "Reginald Tyson" during pretrial discovery, this fact in no way interfered

with his ability to impeach Tyson's credibility at trial. Finally, Powell's assertion that Tyson's testimony was the "linchpin" of the Commonwealth's case ignores, as noted by the PCRA court, Smith's testimony implicating him in the victim's murder, as well as the testimony from three federal inmates that Powell confessed to committing the murder.

In sum, because the PCRA court correctly concluded that Powell failed to establish the governmental interference exception to the PCRA's time bar, the court lacked jurisdiction over Powell's 2024 PCRA petition. **Derrickson**, **supra**. Because we also lack jurisdiction to consider Powell's claims further, **see id.**, we affirm the PCRA court's order dismissing Powell's amended petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/3/2026